LOUISE F. COFFMAN, *Respondent*, v. GEORGE T. COFFMAN, *Appellant*.[1]

*Gleeson & Gleeson,* for appellant.

*George M. Nethercutt* and *J. P. Burson,* for respondent.

MILLARD, J.—This is an appeal from an interlocutory decree of divorce entered in an action commenced in November, 1929, in which the respondent was plaintiff and the appellant was defendant. By the decree, certain property was awarded to the respondent as her sole and separate property, and judgment was entered in her favor for seven hundred and fifty dollars against the appellant, to whom was awarded a Chrysler automobile.

No good purpose would be served thereby, hence we refrain from reciting in detail the evidence as to cruelty, the ground upon which the divorce was granted. It is sufficient to say that our examination of the record discloses that the evidence amply sustains the court's finding on this phase of the case.

[1]Reported in 1 P. (2d) 328.

The facts, summarized as follows, justify the award made by the court of the property involved and the judgment against the appellant for seven hundred and fifty dollars in favor of the respondent:

The respondent, a widow sixty-one years old, and the appellant, a widower sixty years old, intermarried on September 12, 1918. Appellant's property consisted of seventy-five dollars in war savings stamps and eighty-six dollars in cash. Immediately prior to the marriage, appellant had been working on an adjoining farm as a farm hand at forty dollars monthly. Respondent owned a quarter section of land in Whitman county of the value of ten thousand dollars, the rental value of which was approximately seven hundred dollars annually. She also owned farming machinery and other personal property of the value of thirty-five hundred dollars, in addition to two hundred dollars in money and four hundred and seventy-five dollars in Liberty bonds and war savings stamps. There was a balance of twelve hundred dollars due on a mortgage on the farm.

In the fall of 1918, the appellant took active charge of respondent's farm on which they resided. During 1919, respondent and appellant farmed all of the land. From 1920 to and including 1927, most of the land was rented; and only a small portion was retained, including the dwelling-house and outbuildings, by respondent and appellant for their use. From 1918 to 1927, about thirteen thousand dollars was realized from the farm and deposited in the bank. Of that income, twelve thousand two hundred and fifteen dollars was paid for improvements and necessary expenses, itemized as follows: Real estate mortgage, $1,460; taxes, $1,375; repairs, $700; estimated medical and hospital expenses for both parties, $500; premiums upon re-

spondent's insurance policy, $180; premiums upon appellant's insurance policy, $320; estimated clothing, $1,000; estimated cost of automobile and operation and upkeep thereof, $3,480; estimated lights, hired help, groceries, feed, fire insurance and machinery repairs, $3,200.

In 1927, there was no indebtedness against the farm, at which time the respondent leased same to her daughter and son-in-law for three years. The tenants paid to the parties herein for the three years' rental a total of six hundred and fifty dollars, together with one hundred and thirty-five dollars for taxes.

In 1927, respondent and appellant had no home or property. They went to Spokane and found a place west of that city at a small rent. At the time of their departure from Whitman county, they borrowed three hundred dollars from a local bank. They moved to another house in Spokane county known as the "Yardley property." The parties borrowed five hundred dollars as a first payment on the purchase price thereof, later borrowing two thousand dollars to pay the balance due on that property. Respondent and appellant separated. Induced by his threats to take the farm away from respondent's daughter and son-in-law, and to "kick" her out, respondent made a property settlement with her husband. She obligated herself to pay an indebtedness of three thousand dollars at a Whitman county bank; to support herself "free and independent of any responsibility" of the appellant; to pay to the appellant one thousand dollars in cash, and to release to him her interest in a Chrysler automobile.

Of the mortgage of six hundred and fifty dollars on the property in Spokane county, the purchase price of which was paid by the respondent, five hundred dollars was given to the appellant. In the trade for that property, five hundred dollars "cash boot" was paid, which

amount was given to the appellant to make up the one thousand dollars respondent obligated herself by the property settlement to pay to the appellant.

The husband brought nothing to the marriage, and during the nine years he lived with the respondent he received more than he contributed. The property awarded to the wife was her sole and separate property. The income therefrom was deposited in the bank, and the husband checked it out as he saw fit. The husband abandoned the wife at a time she was burdened with debts. Instead of aiding her in the payment of indebtedness, she was induced through fear of him to further mortgage her property and pay to him five hundred dollars. From 1918 to 1927, there was paid from the income from the farm three hundred and twenty dollars in premiums on insurance policies of the appellant, policies that will eventually have a value of not less than one thousand dollars. Those policies were not given to the wife. So, too, he received a 1925 Chrysler automobile. That car is not a recent model, yet its price of twelve or fourteen hundred dollars was paid from proceeds from the wife's separate property.

The husband was permitted to retain two hundred and fifty dollars of the one thousand dollars he coerced the wife into paying over to him. The wife has assumed the payment of all indebtedness, thus relieving the appellant of a burden which was incurred through a husband's lack of consideration for his wife. It is probable that the wife was not awarded alimony because of the age of appellant, and his statement to the court that he was without funds. The justice of the case does not require the wife to make a contribution from her separate property to the appellant.

The judgment is affirmed.

TOLMAN, C. J., MITCHELL, BEALS, and BEELER, JJ., concur.